PRESIDENT, DIRECTORS, &c. OF THE WASHINGTON BANK
*vs.* FREDERICK BROWN & others.

Under the Rev. Sts. *c.* 101, which entitle a demandant in a writ of entry to recover in the same action damages for rents and profits, the tenant is estopped to deny that he was in possession of the demanded premises at the time of action brought, and he is liable for the rents and profits thereof, if he plead the general issue and do not give notice to the demandant, (according to *St.* 1836, *c.* 273, and the rule of court) that he shall deny possession, &c.

THIS was a writ of entry, in which the demandants counted on their own seizin. The tenants pleaded the general issue, and filed specifications of defence, claiming title to the demanded premises under John French. The demandants, at the trial before *Dewey,* J. showed a judgment recovered by them against said French, a levy upon the demanded premises of the execution which issued on that judgment, and a delivery of seizin and possession, by the levying officer, to A. Baldwin, who was duly authorized by the demandants to receive seizin for them. It was also proved at the trial, that said French was in the occupation of the demanded premises, at the time of said levy, and that written notice was given to him to attorn and pay rent to the demandants.

The judge overruled the objections to the demandants' right to recover, and also ruled that they were entitled to recover damages for the rents and profits of the demanded premises. The jury returned a verdict for the demandants, and assessed damages accordingly. Verdict to be set aside and a new trial granted, if the ruling of the judge was erroneous.

*Dexter,* for the tenants, argued that as it is by mere fiction of law that the general issue, *nul disseizin,* admits that the demandant has possession and that the tenant has entered, that fiction should not be permitted to work injustice : That it should have no greater operation than the fiction in ejectment, by which title only is settled, and not such possession as subjects the defendant to damages for mesne profits. Run. on Eject. 438. 442. Ad ams on Eject. (2d ed.) 330. 335. 336. Wood⸀ Land. & Ten. (7th ed.) 642. 646. 647. Peake on Ev. (5th ed.) 349

351. *Burne* v. *Richardson,* 4 Taunt. 720. *Boston Bank* v. *Reed,* 8 Pick. 459. *Aslin* v. *Parkin,* 2 Bur. 667.

It is true that by the Rev. Sts. *c.* 101, § 14, a demandant is entitled to recover damages for rents and profits from the time when his title accrued ; but it is subject to the limitation in § 16, which confines the recovery to the clear yearly value for the time during which the tenant was in possession. In the present case, the tenants never had possession.

*Cooke & W. Gray,* for the demandants, cited Rev. Sts *c.* 101, § 14. *Prescott* v. *Hutchinson,* 13 Mass. 443. *Green* v. *Kemp,* 13 Mass. 520. *Alden* v. *Murdock,* 13 Mass. 256. *Russell* v. *Lewis,* 2 Pick. 510. *Emerson* v. *Thompson,* 2 Pick. 490.

WILDE, J.* The only question on the facts reported, which has been argued by counsel, is that in relation to the demandants' right to recover damages for the rents and profits of the demanded premises. It is objected by the counsel for the tenants, that as there was no proof of the tenants' actual occupation of the premises, or of their having received the rents, they are not responsible in damages therefor in this action.

The objection is founded on the well established rule of the English law, that in an action of trespass for mesne profits, after a recovery in ejectment, the plaintiff is bound to prove actual possession and occupation by the defendant. But this rule, we think, is not applicable to a writ of entry under the provisions of the Rev. Sts. *c.* 101. The action of ejectment in England is a fictitious action, in which, by the consent rule, the defendant is obliged to confess lease, entry and ouster, and to try only the title. He is therefore precluded from controverting the plaintiff's title, in an action for mesne profits, only by the judgment in favor of the demandant in the action of ejectment. But in a writ of entry, if the tenant is not in possession, he may bar the action by a plea of non-tenure or a disclaimer ; and if he omits to avail himself of that defence, and pleads the general issue, that in law amounts to an admission that he was in possession of

---

* The chief justice did not sit in this case

the premises when the action was commenced, and he is estop
ped, by his plea, to deny the fact, unless he gives notice of his
intention so to do, by a statement in writing, setting that forth as
matter of his defence, according to the statute abolishing special
pleading in civil actions, and the rule of court in relation thereto
*St.* 1836, *c.* 273.

This was not done in the present case ; on the contrary,
the tenants, in the specification of their defence, rely on their
right to remain in possession.   They were therefore precluded
from denying, at the trial, that they had been in possession from
the time of the commencement of the action.   The tenants have
wrongfully withheld, and the demandants have unlawfully been
deprived of the possession of the premises during the pendency
of the action ; and for this wrong the demandants seem to be
well entitled to damages.   *Emerson v.   Thompson,* 2 Pick. 490.

By the Rev. Sts. *c.* 101, § 14, it is provided, that if the de
mandant recovers judgment in a writ of entry, he shall also be
entitled to recover, in the same action, damages against the
tenant for the rents and profits of the premises, from the time
when the demandant's title accrued, subject to certain limita-
tions.   And by § 16, it is provided that the rents and profits,
for which the tenant shall be liable, shall be the clear annual
value of the premises, for the time during which he was in pos-
session thereof, after deducting all lawful taxes and assessments
on the premises, that shall have been paid by the tenant, and all
the necessary and ordinary expenses of cultivating the land, or
of otherwise collecting the rents, profits, or income of the
premises.

Now as the tenants are estopped to deny that they were in
possession of the premises during the pendency of the action,
these two sections are conclusive in favor of the demandants'
right to recover damages for the rents and profits during that
time,

*Judgment on the verdict.*